IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TEE TURTLE LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 25 CV 02910 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| THE INDIVIDUALS, CORPORATIONS, ) | |
| LIMITED LIABILITY COMPANIES, ) | |
| PARTNERSHIPS, AND ) | |
| UNINCORPORATED ASSOCIATIONS ) | |
| IDENTIFIED ON SCHEDULE A TO THE ) | |
| COMPLAINT, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tee Turtle, LLC ("Plaintiff") in this "Schedule A" case moves for entry of default and default judgment against five defaulting defendants ("Defendants"). For the following reasons, the Court denies Plaintiffs' motion for entry of default and default judgment [57].

**BACKGROUND**

Plaintiff alleges that it is the owner of U.S. Copyright Office Registration Nos. VA 2-103-871, VA 2-235-407, VAu 1-418-553, VAu 1-418-554, Vau 1-425-168, VAu 1-425-567, VAu 1-425-570, VAu 1-470-662, VAu 1-470-587, VAu 1-470-663, VAu 1-470-851, VAu 1-474-785, VAu 1-474-780, VAu 1-474-786, VA 2-121-364, VA 2-096-615 ,VA 2-103-868, VA 2-153-475, VA 2-153-476, VA 2-153-479, VAu 1-515-825, VA 2-234-587, Vau 1-515-820, and VA 2-123-814 (the "Copyrights") and U.S. Trademark Registration Nos. 4,587,024, 5,736,944, and 6,202,046 (the "Trademarks"). (Dkt. 10 ¶ 1). Plaintiff's amended complaint alleges that Defendants advertise, distribute, offer for sale, and sell counterfeit products using unauthorized versions of Plaintiff's Copyrights and Trademarks.

1

On September 26, 2025, Plaintiff filed a motion for entry of default and default judgment. (Dkt. 57). In that motion, Plaintiff moves this Court to enter a default judgment against Defendants and order that: (a) Defendants are liable on all counts of Plaintiff's amended complaint; (b) Plaintiff is entitled to an award of $200,000 in statutory damages against each Defendant; (c) Plaintiff is entitled to a permanent injunction prohibiting Defendants from selling counterfeit/infringing on the Trademarks and Copyrights; and (d) Defendants must transfer all assets in their financial accounts operated by Temu, as well as any newly discovered assets, to Plaintiff. (*Id.* at \*15).

**DISCUSSSION**

The Court is required to ensure it has jurisdiction over the claims (subject matter jurisdiction) and power over the parties (personal jurisdiction) before it can resolve a case. *Lightfoot v. Cendant Mortg. Corp.,* 580 U.S. 82, 95, 137 S. Ct. 553, 562, 196 L. Ed. 2d 493 (2017). Federal courts have subject matter jurisdiction in diversity cases and in cases involving federal questions. 28 U.S.C. §§ 1331, 1332. This case concerns two federal statutes, the Lanham Act and Copyright Act, which Plaintiff argues give this Court jurisdiction over this matter. (Dkt. 10 ¶¶ 11-13). While the Copyright Act may give the Court subject matter jurisdiction over the claim, because it does not grant personal jurisdiction, the Court must look to Illinois law to determine whether the Court can exercise personal jurisdiction over Defendants. *NBA Props., Inc. v. HANWJHJ,* 46 F.4th 614, 620 (7th Cir. 2022).

The Illinois long-arm statute, which is "coextensive with the Federal Constitution's Due Process Clause," confers personal jurisdiction if "permitted by the Illinois Constitution and the Constitution of the United States." *Manchester United Football Club Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A,* No. 24 CV 5692, 2024 WL 5202272, at \*2 (N.D. Ill. Dec. 23, 2024) (Shah, J.) Federal due process allows a court to exercise personal jurisdiction if the defendant has minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316

(1945) (internal citations omitted). Personal jurisdiction can be either general or specific. *J.S.T. Corp v. Foxconn Interconnect Tech. Ltd.,* 965 F.3d 571, 575 (7th Cir. 2020). Here, it is clear from the face of the amended complaint that Plaintiff asserts specific personal jurisdiction only.

Specific personal jurisdiction focuses on the connection between the defendant, the state, and the underlying controversy. *Manchester United,* 2024 WL 5202272, at *3 (internal citations omitted). This is a "defendant-focused" inquiry whereby the court must look at defendant's contacts with the state itself in making a minimum contact determination. *Id.* (internal citations omitted). "In other words, there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* (internal citations and quotations omitted). While these principles apply to online sellers, *NBA Props.,* 46 F.4th at 622, courts are cautioned, in resolving jurisdictional issues involving online contacts, "to ensure that a defendant is not ha[u]led into court simply because the defendant owns or operates a website that is accessible in the forum." *Illinois v. Hemi Grp., LLC,* 622 F.3d 754, 760 (7th Cir. 2010).

To exercise specific personal jurisdiction over Defendants, Plaintiff must show: (1) Defendants purposefully availed themselves of the privilege of conducting business in the forum state or personally directed activities at the state; (2) Plaintiff's alleged injury must have arisen out of Defendants' forum-related activities; and (3) any exercise of personal jurisdiction comports with the traditional notions of fair play and substantial justice. *See Curry v. Revolution Lab'ys, LLC,* 949 F.3d 385, 398 (7th Cir. 2020). As all of these elements must be met in order for a court to exercise specific personal jurisdiction. *See Curry,* 949 F.3d at 398.

### I. Purposeful Availment

Although Defendants do not have a physical presence in Illinois, (Dkt. 10 ¶ 22), this does not prevent the Court from finding sufficient minimum contacts exist to satisfy the purposeful availment

3

inquiry of the specific personal jurisdiction analysis. *Manchester United,* 2024 WL 5202272, at *4 (internal citations omitted). As to online sellers, courts in this District have found that creating an interactive website which allows Illinois residents to purchase products through the website, selling products through third-party websites, sending written confirmation of sales to Illinois customers that contains an Illinois shipping address, and shipping products to customers in Illinois satisfies the purposeful availment prong. *Manchester United,* 2024 WL 5202272, at *4; *NBA Props.,* 46 F.4th at 624; *Curry,* 949 F.3d at 399.

Here, Plaintiffs allege that Defendants maintained a webpage on Amazon, Shein, Temu, and Walmart's e-commerce platform, which offered for sale the infringing products to Illinois consumers. (*See* Dkt. 10 ¶ 4). Specifically, Plaintiffs claim that Defendants "were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including those in Illinois, in this Judicial District, through accounts . . . on e-commerce sites . . ." (*Id.* ¶ 17). However, Plaintiffs only attach screenshots of the purchase page of each of Defendants' online marketplace webpages. (Dkt. 17). The screenshots only show an Illinois address. (*Id.*) There is no confirmation of purchase or shipment. (*Id.*) What's more, Plaintiffs provide no evidence, whether in the form of a declaration/affidavit or through additional screenshots, of the actual sale of the infringing products, written confirmation of sales with an Illinois shipping address, or shipping confirmation to an Illinois address. *See Manchester United*, at *4. And indeed, Plaintiff informed this Court that it "*attempted* to initiate the purchase process of a Counterfeit Product from each of the Defendant Internet Stores[.]" (Dkt. 16 at *6 (emphasis added).) In other words, Plaintiffs' claims are solely based on screenshots of the purchase webpage of the various marketplace websites (which do not show an actual sale of any products to Illinois residents) and "on information and belief" that the infringing products have been sold to Illinois consumers. (*See* Dkt. 10 ¶ 18). Without more, this information alone is insufficient to allow confer specific personal jurisdiction over Defendants. *See Emoji Co. GmbH v. The Individuals,*

*Corps., Ltd. Liab. Cos., P'ships, and Unincorporated Ass'ns Identified on Schedule A,* No. 23-cv-1112, (Dkt. 54, at 1) (N.D. Ill. Sept. 16, 2023) (Kness, J.) (finding no personal jurisdiction where defendants did not ship any infringing products); *see KTM AG v. The Individuals, Corps., Ltd. Liab. Cos., P'ships, and Unincorporated Ass'ns Identified on Schedule A,* No. 20-cv-06743, (Dkt. 177, at 1) (N.D. Ill. Apr. 13, 2022) (Kness, J.) (finding no jurisdiction where plaintiff provided no evidence that defendants made "even one sale into the state of Illinois").

As Plaintiff has failed to show any confirmation of sale or shipment of the infringing products to Illinois residents, the purposeful availment prong is not satisfied and Plaintiff fails to make out a *prima facie* case for specific personal jurisdiction.

**CONCLUSION**

For the foregoing reasons, the Court dismisses Plaintiffs' amended complaint for lack of jurisdiction [10] and denies Plaintiff's motion for entry of default and default judgment [57]. Civil case terminated.

**IT IS SO ORDERED.**

                                           Sharon Johnson Coleman
                                           United States District Judge

DATED: 10/9/2025